Marietta Raymond and Brower Raymond, Appellees, v. William C. Lowe and Edna Lowe, Appellants.

**Term No. 45,013.**

Heard in this court at the October term, 1945. Opinion filed January 7, 1946. Rehearing denied February 14, 1946. Released for publication February 14, 1946.

JACOBY, PATTON, MANNS & COPPINGER, of Alton, for appellants; V. M. JACOBY, of Alton, of counsel.

EVERETT B. DODD, of East Alton, for appellees.

MR. JUSTICE BARTLEY delivered the opinion of the court.

Petitioners, Marietta Raymond and Brower Raymond, file a petition praying that a writ of habeas corpus issue directed to respondents, William C. Lowe and Edna Lowe, in which they allege, in effect, that they were the parents of Patrick Raymond, a male child of about eleven months, who was detained and unlawfully restrained of his liberty, by respondents without authority of law; that said child was placed to board with respondents and that upon the request of petitioners to return said child to them, respondents refused to so do, and that said respondents were holding said child against the wishes and without the consent of the petitioners; that there has been no pro-

ceeding in any court concerning the custody, control and education of said child.

Respondents filed an answer and cross petition denying that Marietta Raymond and Brower Raymond were the parents of Patrick Raymond, the child in question, and allege that said Patrick Raymond was the illegitimate child of petitioner, Marietta Raymond, by respondent, William C. Lowe; that said child was in the custody of respondent, William C. Lowe, and was receiving care, support and maintenance from the respondents, William C. Lowe and Edna Lowe, by reason of an oral agreement entered into by petitioner, Marietta Raymond, and respondents; that petitioner, Marietta Raymond, is not entitled to the custody of said child, by reason of the agreement entered into between petitioner, Marietta Raymond, and respondents in the month of January 1943; that petitioner, Marietta Raymond, is not a fit and proper person to have the care, custody, control, maintenance and education of said child, Patrick Raymond; that respondents are able to provide more suitable living quarters for said child, Patrick Raymond, than petitioners who reside in a houseboat on the Mississippi river, in Alton, Illinois; that the premises on which petitioner, Marietta Raymond, resides is located in an improper area.

Due notice of the filing of a petition was given by respondents to petitioner, Marietta Raymond, as provided by the Bastardy Act, in which petition it was alleged that petitioner Marietta Raymond, was not a suitable person to have the care and custody of said child, Patrick Raymond; and wherein respondents ask for the custody and control of said child.

Petitioners filed a reply to respondents' answer and cross petition, and upon a hearing of the cause, the evidence shows that petitioners, Marietta Raymond and Brower Raymond, were married in 1924; that they lived together as man and wife ever since, and that there were three children born of the marriage:

first child born in 1940; second child, being Patrick Raymond, born in 1942; and the third child born in 1943.

The trial court found that Patrick Raymond, the child whose custody is in controversy herein, is the child of petitioners, Marietta Raymond and Brower Raymond, who were lawfully husband and wife; that said child was born in lawful wedlock and that petitioners, Marietta Raymond and Brower Raymond, lived together in said marriage relationship continuously for more than one year prior to the birth of their child, Patrick Raymond; that said child was temporarily with respondents for board, care and maintenance; that respondents received valuable consideration for said care from the child's mother; that respondents are not holding the child from the petitioning mother under authority of any judgment or decree or process of any court, and that the custody of the child is unlawfully held by respondents. The custody of the child, Patrick Raymond, was given and restored to petitioners by the court.

A motion for new trial and amendment thereto, was filed and denied by the trial court.

This court, having examined the evidence presented by petitioners and respondents, finds the trial court to be correct in finding that Patrick Raymond, the child whose custody is in question herein, is the child of petitioners, Marietta Raymond and Brower Raymond, and that petitioners were rightfully entitled to the care, custody and control of said child.

■■ The Supreme Court, in discussing the proof necessary to rebut the presumption of the legitimacy of a child, stated in *Orthwein v. Thomas,* 127 Ill. 554, at page 562, as follows:

"And the cases cited by the court go to this extent: that the law· is unwilling to bastardize children, and throws the proof on the party who alleges illegitimacy, and in the absence of evidence to the contrary, a child, eo nomine, is therefore a legitimate child. Nor does

the law require an acknowledged and conceded child to prove an act of marriage to maintain his legitimacy. The presumption and charity of the law are in his favor, and those who wish to bastardize him must make out the fact by clear and irrefragable proof. The presumption of law is not lightly to be repelled. It is not to be lightly broken in upon, or shaken by a mere balance of probabilities. The evidence for repelling it must be strong, satisfactory and conclusive."

The evidence fails to prove that petitioner, Marietta Raymond is not a suitable person to have the control and custody of the child, Patrick Raymond.

The finding of the trial court was not contrary to the evidence submitted, and the trial court did not err in not granting a new trial. We find no error in the record. The decision of the trial court is therefore affirmed.

*Affirmed.*

Stone, P. J., and Culbertson, J., concur.